S. Keven Steinberg, Bar No. 151372
FINK & STEINBERG
Attorneys at Law
11500 Olympic Boulevard, Suite 316
Los Angeles, California 90064
Telephone: (310) 268-0780
Facsimile: (310) 268-0790

Attorneys for Plaintiffs
HECTOR NAVARRO, MIKE SHIRINIAN, ANTHONY PINKINS,
KEVIN MALONE and REUBEN CASTRO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR NAVARRO, MIKE SHIRINIAN, ANTHONY PINKINS, KEVIN MALONE and REUBEN CASTRO,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES BENZ OF ENCINO, a Corporation,<br><br>Defendant. | CASE NO. CV 12-08051 RGK (MRWx)<br><br>Honorable R. Gary Klausner<br><br>**NOTICE OF APPEAL - PLAINTIFFS' NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEAL FOR THE NINTH CIRCUIT OF ORDER RE: MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)**<br><br>**REPRESENTATION STATEMENT** |

Notice is hereby given that Plaintiffs Hector Navarro, Anthony Pinkins, Kevin Malone and Reuben Castro in the above-named case (collectively, "Plaintiffs") hereby appeal to the United States Court of Appeals for the Ninth Circuit Court of Appeal from the Order of the Honorable Judge R. Gary Klausner of the United States District Court of the Central District of California granting Defendant Encino Motorcars, LLC erroneously sued as Mercedes Benz of Encino, Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted (FRCP 12(B)(6) entered in this action on

///

1 | January 25, 2013 (Docket Number 25), a copy of which is attached as Exhibit 1.

3 | DATED: February 22, 2013                    FINK & STEINBERG

By: _____
S. Keven Steinberg
Attorneys for Plaintiffs
HECTOR NAVARRO, MIKE
SHIRINIAN, ANTHONY PINKINS,
KEVIN MALONE and REUBEN
CASTRO

## **REPRESENTATION STATEMENT**

The undersigned represents Plaintiffs Hector Navarro, Anthony Pinkins, Kevin Malone and Reuben Castro in the above-named case (collectively, "Plaintiffs"), Plaintiffs and Appellants in this matter, and no other party. Attached is a service list that shows all of the parties to the action below, and identifies their counsel by name, firm, address, email and telephone number, where appropriate. (F.R.A.P. 12(b); Circuit Rule 3-2(b).)

DATED: February 22, 2013

FINK & STEINBERG

By: /s/
S. Keven Steinberg,
Attorneys for Plaintiffs
HECTOR NAVARRO, MIKE SHIRINIAN, ANTHONY PINKINS, KEVIN MALONE and REUBEN CASTRO

## SERVICE LIST OF REPRESENTATION STATEMENT

Plaintiffs and Appellants:

Hector Navarro
Anthony Pinkins
Kevin Malone
and Reuben Castro

Counsel for Plaintiffs and Appellants:

S. Keven Steinberg (151372)
ksteinberg@finksteinberg.com
FINK & STEINBERG
11500 West Olympic Boulevard
Suite 316
Los Angeles, California 90064
Telephone: (310) 268-0780
Facsimile: (310) 268-0790

Defendant/Appellee:

ENCINO MOTORCARS, LLC erroneously sued as MERCEDES BENZ OF ENCINO

Karl R. Lindegren (125914)
klindegren@laborlawyers.com
Todd B. Scherwin, Bar No. 239848
tscherwin@laborlawyers.com
Colin P. Calvert (275195)
ccalvert@laborlawyers.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone (949) 851-2424
Facsimile (949) 851-0152

# EXHIBIT 1

Case 2:12-cv-08051-RGK-MRW Document 29 Filed 02/25/13 Page 6 of 11 Page ID #:740

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-08051-RGK (MRWx) | Date | January 25, 2013 |
|---|---|---|---|
| Title | NAVARRO, et al v. MERCEDES BENZ OF ENCINO | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss (DE 9)

## I. INTRODUCTION

On September 18, 2012, Hector Navarro, Mike Shirinian, Anthony Pinkins, Kevin Malone, and Reuben Castro (collectively "Plaintiffs") filed this complaint alleging nine claims against Mercedes Benz of Encino ("Defendant") for various violations of the Fair Labor Standards Act ("FLSA") and the California Labor Code.

On November 16, 2012, Defendant filed this Motion to Dismiss. The Court reviews Defendant's Motion to Dismiss as to four of the nine claims: (1) First Claim: violation of FLSA 29 U.S.C. § 207 for failure to pay overtime wages,[1] (2) Third Claim: violation of FLSA 29 U.S.C. § 206 for failure to pay minimum wage, (3) Fifth Claim: violation of FLSA 29 U.S.C. § 207 for failure to provide extra compensation for work completed during mandatory meal and rest periods, and (4) Seventh Claim: violation of FLSA 29 U.S.C. § 211 for failure to provide a written, itemized statement detailing hours worked and compensation received.

For the reasons stated below, the Court **GRANTS** Defendant's Motion to Dismiss. Additionally, the remaining claims are state claims over which the Court will not exercise supplemental jurisdiction. Therefore, the Court dismisses those claims for lack of subject matter jurisdiction.

---

[1] The Court notes that Plaintiffs' Complaint alleges a violation of 29 U.S.C. § 201; however, the proper statutory basis for the allegations asserted in the first claim is 29 U.S.C. § 207.

Case 2:12-cv-08051-RGK-MRW   Document 29   Filed 02/25/13   Page 2 of 5   Page ID #:741

## II. **FACTUAL BACKGROUND**

With the exception of Plaintiff Reuben Castro, Plaintiffs are all current employees of Defendant. Plaintiff Reuben Castro is a former employee. Defendant owns and operates a Mercedes Benz automobile dealership in Encino, California. This business sells and services both new and used Mercedes Benz automobiles. Plaintiffs work (or have worked) at the dealership as Service Advisors.

As Service Advisors, the Plaintiffs must: (1) meet and greet Mercedes Benz owners as they enter the service area and evaluate their service and repair needs; (2) solicit service to be conducted on the vehicle; (3) solicit supplemental service to be performed on the vehicle; and (4) inform the vehicle owner about the status of the vehicle while Defendant's mechanics repair and service the vehicle. For every additional service or repair provided, the commission increases. Defendant pays Service Advisors, such as Plaintiffs, solely on this commission.

On September 18, 2012, Plaintiffs filed a complaint against Defendant alleging violations of both federal and state laws for failure to pay overtime, failure to pay minimum wage, failure to provide extra compensation for Plaintiffs' work during mandatory meal and rest periods, and failure to provide itemized wage statements to Plaintiffs. Additionally, Plaintiffs allege that because of these practices, Defendant has engaged in unfair competition in violation of California Business & Professions Code §17200.

## III. **JUDICIAL STANDARD**

To comply with Federal Rules of Civil Procedure 8, a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Under Rule 12(b)(6), a party may move to dismiss a claim for failure to allege enough facts to comply with Rule 8.

In deciding a Rule 12(b)(6) motion, a court must assume allegations in the challenged complaint are true, and must construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F. 3d 336, 337-38 (9th Cir. 1996). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *See W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981). The complaint need not contain detailed factual allegations, but must provide more than a "formulaic recitation of the elements of a claim." *Twombly,* 550 U.S. at 555.

## IV. **DISCUSSION**

Defendant argues Plaintiffs' claims should be dismissed for the following reasons: (1) Plaintiffs' First, Third, and Fifth Claims fail because Plaintiffs are exempt from the FLSA's maximum hour and minimum wage requirements; (2) alternatively, Plaintiffs' Third Claim fails because the Complaint pleads insufficient facts; (3) alternatively, Plaintiffs' Fifth Claim fails because § 207 does not require meal and rest periods; and (4) Plaintiffs' Seventh Claim fails because a violation of § 211 does not create a private right of action. The Court agrees.

### A.     **First, Third, Fifth Claims Fail Based on Exemptions**

Section 206 states, in pertinent part, that every employer shall pay to each of his employees not less than $7.25 an hour. 29 U.S.C. § 206(a)(1)(C). Section 207 states no employer shall employ any employee for a workweek longer than forty hours unless the

employee receives additional compensation specified at a rate not less than one-half the regular rate at which the employer generally pays the employee. 29 U.S.C. §207(a).

Section 213 creates an exemption to the above provision for "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles ... if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers." Courts have applied this exemption to Service Advisors. *See Brennan v. Deel Motors,* 475 F.2d 1095, 1097 (5th Cir. 1973) ("... a common sense interpretation and application of this exemption mandates inclusion of service salesmen within its scope."); *Walton v. Greenbrier Ford*, 370 F.3d 446, 453 (4th Cir. 2004).

The Department of Labor ("DOL"), however, has expressly rejected this interpretation. The DOL defines a salesman as an employee "primarily engaged in making sales or obtaining orders or contracts for sale of automobiles." 29 C.F.R. § 779.372(c)(1). A mechanic is an employee "primarily engaged in doing mechanical work in the servicing of an automobile." 29 C.F.R. § 779.372(c)(3). In a "final rule," the Wage and Hour Division of the DOL explained that "[t]he Department notes that current § 779.372(c)(1) ... limit[s] the exemption to salesmen who sell vehicles and partsmen and mechanics who service vehicles." Updating Regulations Issued Under the Fair Labor Standards Act, 76 Fed. Reg. 18832-01 (April 5, 2011). Thus, under the DOL's enforcement of § 213(b)(10)(A), Service Advisors are not exempt from the hour/wage requirements set forth in §§ 206 and 207.

Given the conflicting interpretations, the Court must first look to the statutory language. Where the statutory language is clear, the Court is bound by such language as a clear expression of legislative intent. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 842-43 (1984). Where the statutory language is ambiguous, however, the Court accords deference to the DOL action based on the nature of that action. "Legislative regulations" are given a high level of judicial deference, and will stand unless arbitrary or capricious. *Id.* at 844. Mere "interpretations," however, are accorded lower deference, and will stand only so long as they are reasonable. *Id.*

1. *The Statutory Language is Ambiguous as Applied to Service Advisors*

Here, the statutory language of § 213(b)(10)(A) does not expressly exempt Service Advisors. However, the job description of a Service Advisor encompasses those of both a salesman and a mechanic, and falls squarely within the category of positions exempted by the provision. The legislative history demonstrates an intent to "narrow significantly the reach of the automobile dealership employee exemption." *Gieg v. Howarth*, 244 F.3d 775, 776 (9th Cir. 2001). Nonetheless, it is not clear that Congress intended Service Advisors to be excluded, particularly when their job duties are simply a hybrid of two jobs expressly listed within the exemption. For this reason, the Court finds § 213(b)(10)(A) ambiguous as applied to Service Advisors. *See Brennan v. Deel Motors, Inc.,* 475 F.2d 1095, 1098 (5th Cir. 1973) ("The intended scope of [the exemption] is not entirely clear. Indeed, the Secretary's own interpretation of the coverage of that section is not altogether consistent.").

2. *The DOL's Interpretation is not Reasonable*

In light of the finding above, the Court's role is to "determine whether the agency's interpretation is based on a permissible construction of the statute." *Chevron,* 467 U.S. at 843. As previously stated, the permissiveness of the agency's construction depends upon the nature of the agency action, as allowed by Congress. When Congress has "explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency." *Id.* at 844. In such a case, agency decisions are "legislative regulations" that are given "controlling weight

unless they are arbitrary, capricious, or manifestly contrary to the statute." *Id.* When Congress has not left such an explicit gap, agency actions are mere interpretations that are upheld only if reasonable. *Id.*

Within the § 213 arena, the U.S. Supreme Court has found agency action to constitute "legislative regulation." *See Auer v. Robbins*, 519 U.S. 452 (1997); *Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158 (2007). However, in those cases, the specific provisions being reviewed expressly grant the Secretary of Labor the power to "defin[e] and delimi[t]" the terms in the section. *Id.* As such, the Court found that the statute creates an explicit gap for the agency to fill. *Id.* at 172. This case is distinguishable. Here, the applicable section, § 213(10)(b)(A), does not contain any such language. It is clear that where Congress intended to grant the agency power to create legislative regulation, it included language to that effect. In the absence of similar language, this Court will not read into the statute the grant of such power. Therefore, the Court finds that the agency action is not a legislative regulation, but rather, a mere interpretation, which is accorded lower deference.

Having established that the DOL's action is an interpretation, the Court is bound to the DOL interpretation only if the interpretation is reasonable. *Chevron*, 467 U.S. at 844. The Court agrees with both the Fourth and Fifth Circuits, and holds that the DOL interpretation of § 213(b)(10)(A) is unreasonable. When faced with facts nearly identical to those of the present case, the Fourth Circuit concluded that the "Secretary's interpretation of ... [salesman] is unreasonable, as it is an impermissibly restrictive construction of the statute." *Walton*, 370 F.3d at 452. Similarly, the Fifth Circuit explained that "[i]n the absence of clear intent to the contrary, we cannot assume that Congress intended to treat employees with functionally similar positions differently." *Brennan* ,475 F.2d at 1097-98. Service Advisors, such as Plaintiffs, are functionally equivalent to salesmen and mechanics and are similarly responsible for the "selling and servicing" of automobiles. Accordingly, the Court finds the DOL's interpretation unreasonable. As such, the Court finds that Service Advisors fall within the exemption of § 213(b)(10)(A).

The Court dismisses Plaintiffs' first, third, and fifth claims, which all allege violations of §§ 206 and 207.

### B. Third Claim Fails to Allege Sufficient Facts

As discussed above, the minimum wage requirements established in § 206 do not apply to Plaintiffs because Service Advisors are exempt under § 213(b)(10)(A). Even if they did apply, however, Plaintiff's Third Claim fails to plead sufficient facts to survive a Rule 12(b)(6) Motion.

Legal conclusions alone, without some factual allegations, do not provide fair notice of the nature of the claim nor the grounds on which the claim rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 556. Here, Plaintiffs allege only that Defendant (1) failed to provide an hourly wage, (2) paid Plaintiffs on a pure commission basis, (3) required Plaintiffs to work for wages less than the legal minimum, and (4) refused to pay minimum wages. A salary based solely on commission can still satisfy the minimum wage requirement. *See* 29 C.F.R. § 778.117. No facts demonstrate that the commissions Plaintiffs earned do not satisfy the minimum wage requirements. Even if a Motion to Dismiss is not designed to correct inartistic pleading, as Plaintiff argues, these legal conclusions alone are insufficient to survive a Rule 12(b)(6) Motion.

C. **Fifth Claim Fails to State a Claim**

To the extent Plaintiffs' Fifth Claim alleges that Defendant failed to provide Plaintiffs with overtime compensation in violation of § 207, this Section does not apply to Service Advisors. As discussed above, Plaintiffs are exempt under § 213(b)(10)(A).

To the extent Plaintiffs' Fifth Claim alleges that Defendant failed to provide Plaintiffs with meal or rest periods, neither § 207 nor the cited DOL regulations mandate rest and meal periods. Section 785.18 simply states that: "Rest periods of short duration, running from 5 minutes to about 20 minutes… must be counted as hours worked." 29 C.F.R.§ 785.18. Section 785.19 states that "[b]ona fide meal periods are not worktime … The employee must be completely relieved from duty for the purposes of eating regular meals … The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating." 29 C.F.R. § 785.19. These statutes simply determine when employees must be compensated for working during these periods, but do not require an employer to provide their employees with meal or rest periods. On this ground, the Court dismisses Plaintiff's Fifth Claim.

D. **Seventh Claim Fails Because § 211 Does Not Create a Private Right of Action**

Section 29 U.S.C. § 211 states: "Every employer subject to any provision of this chapter … shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records…" Section 217 authorizes only the Secretary to initiate injunction proceedings involving an employer's failure to comply with the record keeping requirements. 29 U.S.C. § 217. Put simply, § 211(c) does not create a private action against an employer for failure to comply with the record-keeping provisions. *Elwell v. University Hospitals Home Care Services,* 276 F. 3d 832, 843 (6th Cir. 2002). Therefore, the Court dismisses Plaintiff's Seventh Claim.

E. **The Remaining State Law Causes of Action**

Having dismissed all federal claims alleged, the Court exercises its discretion under 28 U.S.C. § 1367(c) to dismiss the remaining state law causes of action for lack of subject matter jurisdiction.

V. **CONCLUSION**

The Court **GRANTS** Defendant's Motion to Dismiss as to Plaintiffs' First, Third, Fifth, and Seventh claims. The Court *sua sponte* **DISMISSES** the remaining state law causes of action. As such, Plaintiffs' Complaint is dismissed in its entirety.

**IT IS SO ORDERED.**

_____   :   _____
Initials of
Preparer
_____

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 11500 W. Olympic Boulevard, Suite 316, Los Angeles, California, 90064.

On February 22, 2013, I caused to be served the document described as **NOTICE OF APPEAL - PLAINTIFFS' NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEAL FOR THE NINTH CIRCUIT OF ORDER RE: MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6); REPRESENTATION STATEMENT**
on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

Colin Calvert
FISHER & PHILLIPS
2050 Main Street
Suite 1000
Irvine, CA 92614
(949) 851-2424

[X]   BY MAIL

   [X]   As follows: I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[]   (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[]   BY FACSIMILE

   Using fax number (310) 268-0790 I transmitted such document by facsimile machine, pursuant to California Rules of Court 2001 et seq. The facsimile machine complied with Rule 2003(3). The transmission was reported as complete. I caused the machine to print a transmission report of the transmission, a copy of which is attached to this declaration. I am employed in the County of Los Angeles, State of California.

[]   (STATE)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: February 22, 2013

*Courtney Miller* (signature)
Courtney Miller